OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the matter remitted to Supreme Court for entry of a judgment in accordance with this memorandum.
Respondent was originally admitted to petitioner hospital as a voluntary patient. When respondent demanded to be released, petitioner brought this proceeding, pursuant to Mental Hygiene Law § 9.13, for an order allowing it to retain respondent on an involuntary basis. After hearing testimony, the court agreed that retention was appropriate but expressed concern about what it perceived to be hostility toward respondent on the part of his assigned psychiatrist. Accordingly, when it granted the requested retention order, the court added a direction that respondent should be assigned to a different psychiatrist and that he be left on an "open ward” rather than some more restrictive treatment setting.
On petitioner’s appeal, the Appellate Division rejected the contention that the court had exceeded its authority under *832 Mental Hygiene Law § 9.13 (b) by imposing treatment-related conditions as part of its retention order. In ruling against petitioner on this point, the Court invoked the parens patriae responsibility of the courts to oversee the treatment of psychiatric patients and the judiciary’s concomitant duty to ensure that such patients are treated in the least possible restrictive setting (184 AD2d 321). We now reverse and hold that the trial court exceeded the authority conferred by Mental Hygiene Law § 9.13 (b).
We note at the outset that the proceeding before us is now moot, since the 60-day retention order that is the subject of this appeal has expired and there are no indications that either party is still being affected in some way by that order. Nonetheless, we conclude that the appeal should be retained because it satisfies the three critical conditions to the mootness exception in that it presents an issue that (1) is likely to recur, (2) will typically evade review and (3) is substantial and novel (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707).
As to the merits, we hold that in a statutory proceeding brought pursuant to Mental Hygiene Law 9.13 (b) the court did not have the power to impose the treatment-related conditions as part of its retention order. To the extent that the court has authority to oversee the treatment of psychiatric patients (see, e.g., Rivers v Katz, 67 NY2d 485), that authority must be exercised in a different procedural context (see, Matter of Bezio v New York State Off. of Mental Retardation & Dev. Disabilities, 62 NY2d 921). Thus, the trial court’s decision in this case to incorporate certain treatment-related conditions into its retention order exceeded its authority.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
Order reversed, without costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein.