*742
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 These juvenile delinquency cases present a common issue: whether the speedy trial rights of detained juveniles were violated when Family Court — realizing that a fact-finding hearing could not be commenced within the time limits prescribed by Family Court Act § 340.1 (1) — denied their motions to dismiss, and chose instead to release them and adjourn the hearing dates within the statutory period applicable to non-detained juveniles. We conclude that Family Court acted in conformity with the speedy trial provisions of the Family Court Act and did not violate the juveniles’ statutory rights.
 

 Matter of Bernard T.
 

 On October 31, 1996, the presentment agency filed a petition in Family Court alleging that 13-year-old Bernard T. stole a bicycle from another boy. The presentment agency asserted that Bernard committed acts which, if committed by an adult, would constitute the crimes of petit larceny and criminal possession of stolen property in the fifth degree — both class A misdemeanors.
 

 At the initial appearance that same day, the court inquired into Bernard’s detention status and learned that he had been remanded to secure detention in another juvenile delinquency case scheduled to be heard on November 6, 1996. The court then remanded Bernard to the custody of the Commissioner of Juvenile Justice, noting that no adult was present to take responsibility for him, and adjourned the matter to November 8. Through his attorney, Bernard waived his speedy trial rights for five days until the adjourned date.
 

 Upon his return to court on November 8, Bernard learned that, for unexplained reasons, the presentment agency was not ready to proceed and he moved to dismiss the petition, noting that the top count charged was a misdemeanor and he had been in secure detention. Bernard argued that the presentment agency had violated his speedy hearing rights because, in
 
 *743
 
 contravention of Family Court Act § 340.1, it had failed to commence a fact-finding hearing within the statutory period. The court, however, did not agree that dismissal was required, choosing instead to release Bernard and adjourn the matter to December 18 for trial.
 

 Prior to the trial date, Bernard filed a written motion to dismiss the petition due to the presentment agency’s failure to comply with Family Court Act § 340.1. Bernard maintained that on November 8 the presentment agency did not request, and the court did not make, a finding of good cause for the adjournment. As such, Bernard argued, the only permissible remedy was dismissal of the petition. At the commencement of the fact-finding hearing on December 18, the court denied Bernard’s motion to dismiss. After the hearing, the court found that Bernard had committed the acts alleged in the petition, adjudicated him a juvenile delinquent and placed him with the Division for Youth for 12 months. The Appellate Division affirmed, noting compliance with section 340.1 (1) until Bernard’s release from detention, and compliance with section 340.1 (2).
 

 Matter of Oldalys O.
 

 On August 23, 1996, the presentment agency filed a juvenile delinquency petition alleging that an undercover officer had purchased two tins of cocaine from Oldalys. The petition asserted that those acts, if committed by an adult, would constitute criminal sale of a controlled substance in the third and fifth degrees (class B and D felonies respectively), criminal possession of a controlled substance in the third and fifth degrees (class B and D felonies respectively), and criminal possession of a controlled substance in the seventh degree. On the day of his arrest, Oldalys appeared before Family Court and entered a general denial. The matter was then transferred to another Judge, who adjourned the probable cause hearing to August 26 and remanded Oldalys to the custody of the Commissioner of Juvenile Justice for non-secure detention.
 

 Following the August 26 hearing, Family Court concluded that probable cause existed and adjourned the matter to August 30 for a fact-finding hearing. Oldalys remained in detention. On August 30, however, the presentment agency requested an adjournment. The court adjourned the proceeding, scheduled the fact-finding hearing for September 6, and continued Oldalys’ remand.
 

 On September 6 — 14 days after Oldalys’ initial appearance— the presentment agency moved for a “good cause” adjournment
 
 *744
 
 pursuant to Family Court Act § 340.1 (4) (a) on the ground that the two police officers needed for the hearing had not received the notification forms because they had each been transferred to different precincts the previous week. Counsel for Oldalys moved to dismiss the matter, arguing that good cause had not been shown and the only remedy for holding a fact-finding hearing beyond the fourteenth day following the initial appearance was dismissal of the proceeding. The court granted the presentment agency’s motion, stated for the record that good cause existed, continued the remand of Oldalys and adjourned the hearing to September 10.
 

 On September 10 — now 18 days after Oldalys’ initial appearance — the presentment agency informed the court that it was not ready to commence the fact-finding hearing because the agency was still unable, despite diligent efforts, to reach the police officers, who were apparently on vacation. The Law Guardian moved to dismiss the petition, arguing that dismissal was the only appropriate remedy for the presentment agency’s failure to proceed within statutory speedy trial limits. The court ruled that the motion to dismiss should be made in writing, released Oldalys, and adjourned the fact-finding hearing until October 2.
 

 Forty days after Oldalys’ initial appearance, on October 2, the court denied the written motion to dismiss and proceeded with the fact-finding hearing. Thereafter, the court determined that Oldalys was guilty of committing crimes which, if committed by an adult, would constitute criminal sale of a controlled substance in the third degree. After another hearing, the court placed Oldalys with the Division for Youth for a period of 18 months.
 

 The Appellate Division affirmed, holding that the speedy fact-finding hearing provisions of Family Court Act § 340.1 had been observed, and that good cause existed for the adjournment on the fourteenth day following Oldalys’ initial appearance. The court also noted that, on the adjourned date of September 10, Oldalys was released from detention and the 60-day period for commencement of the fact-finding hearing became applicable. As a result, Family Court was free to adjourn the fact-finding hearing as a matter of discretion, without a showing of good cause or special circumstances. We now affirm in both cases.
 

 Discussion
 

 The novel issue presented by these delinquency cases is whether Family Court erred in releasing the detained juveniles
 
 *745
 
 and adjourning their fact-finding hearings — rather than dismissing the petitions against them — when it became apparent that a hearing could not be commenced within the strict time limits prescribed by Family Court Act § 340.1 (1). We conclude that the decision to release the juveniles and adjourn the fact-finding hearing was not a violation of their rights under section 340.1.
 

 Family Court Act § 340.1 is a “true ‘speedy trial’ provision” that sets forth strict time requirements to assure “swift and certain” adjudication at all phases of a juvenile delinquency proceeding
 
 (Matter of Frank C.,
 
 70 NY2d 408, 413;
 
 Matter of Randy K.,
 
 77 NY2d 398, 402). The applicability of section 340.l’s various limitation periods — which range from three to 60 days — depends upon a juvenile’s detention status. Where a juvenile is
 
 not
 
 in detention, the presentment agency has 60 days after the conclusion of the initial appearance to commence a fact-finding hearing (Family Ct Act § 340.1 [2]). But where a juvenile
 
 is
 
 in detention, the time requirements are decidedly swifter: a fact-finding hearing must be commenced within three to 14 days after the initial appearance (Family Ct Act § 340.1 [1] [within 14 days if the highest count in a juvenile petition charges the commission of a class A, B or C felony; within three days if the highest count in a petition is less than a class C felony]).
 
 [1]
 

 The different time specifications for detained and non-detained juveniles under section 340.1 reflect a long-held legislative recognition that detention is a “drastic” measure that may cause lasting damage in children who are needlessly detained (Second Report of Joint Legis Comm on Court Reorganization, reprinted in 1962 McKinney’s Session Laws of NY, at 3428, 3438 [endorsing draft legislation setting forth standards for directing detention (now Family Ct Act § 320.5)]). The Legislature has repeatedly sought to reduce the number of excessive and unnecessary juvenile detentions
 
 (see, e.g.,
 
 Family Ct Act §§ 307.4, 320.5;
 
 People ex rel. Wayburn v Schupf,
 
 39
 
 *746
 
 NY2d 682, 692 [Fuchsberg, J., concurring] [the Legislature has long evinced an intent “to curb the
 
 de facto
 
 practice of unnecessarily detaining children who are not threats to society”]). That goal is furthered by Family Court Act § 340.1, which places detained juveniles on the “fast track” to a fact-finding hearing. By speeding the time between initial appearance and trial, the amount of time that juveniles needlessly spend in custody, and consequent damage from the experience, is substantially lessened.
 

 In the cases before us, Bernard and Oldalys were detained only as long as statutorily permitted under the Family Court Act (Family Ct Act § 340.1 [1], [4] [a]). Their release from detention rendered them subject to the 60-day time period required for non-detained juveniles (Family Ct Act § 340.1 [2]), and as such, no showing of good cause or special circumstances was required for Family Court’s subsequent adjournment within the 60-day period (Family Ct Act § 340.1 [4] [a]; [6]).
 

 In Bernard’s case, where the highest count alleged was a class A misdemeanor, the presentment agency was required to commence a fact-finding hearing within three days of October 31, 1996, the date of his initial appearance (Family Ct Act § 340.1 [1]). Notably, Bernard’s detention remained lawful beyond that three-day period — until November 8 — because he waived his speedy trial rights until that adjourned date. While the presentment agency would have been required to commence a fact-finding hearing on November 8 had Bernard remained in detention (Family Ct Act § 340.1 [1]), the court released him, thereby triggering the more expansive 60-day time frame applicable to non-detained juveniles (Family Ct Act § 340.1 [2]). As such, the adjournment of the fact-finding hearing to December 18 — well within the 60-day period from the date of his initial appearance — did not contravene Bernard’s statutory rights.
 

 In Oldalys’ case, where the highest charge was a class B felony, the presentment agency was required to commence a fact-finding hearing within 14 days of August 23, 1996, the date of his initial appearance (Family Ct Act § 340.1 [1]). A good cause finding for the adjournment requested on the fourteenth day extended Oldalys’ lawful detention until September 10.
 
 [2]
 
 Although the presentment agency would have been required to commence a fact-finding hearing on that date
 
 *747
 
 if Oldalys had remained in detention (Family Ct Act § 340.1 [1] ), the court released him and the 60-day time limitation for non-detained juveniles was triggered (Family Ct Act § 340.1 [2] ). Consequently, Oldalys’ statutory rights were not violated by the court’s adjournment of the fact-finding hearing to October 2 — 40 days from his initial appearance.
 

 We cannot agree with appellants that, irrespective of the court’s decision to release them, the mandatory remedy in both cases was dismissal. Under the Family Court Act, a pre-trial motion to dismiss a petition may be made on the ground that the juvenile’s right to a speedy fact-finding hearing has been violated
 
 (see,
 
 Family Ct Act § 332.1 [8]; § 320.2). No such right was violated in either case. Fact-finding hearings were conducted for each juvenile within the 60-day period that became applicable upon their release. As such, there was no basis for dismissal.
 

 We also disagree with appellants’ assertion that allowing the court to release a juvenile and adjourn the case within the 60-day period applicable to non-detained juveniles controverts the clear legislative intent of Family Court Act § 340.1. The Family Court decisions under review do not undercut the Legislature’s goal of reducing the possibility that juveniles will be detained unnecessarily or its desire to ensure that juveniles receive “swift and certain determinations” in delinquency proceedings
 
 (see, Matter of Randy K., supra,
 
 77 NY2d at 402). Both goals are met here. Appellants were not kept in detention beyond the statutorily authorized limit, and fact-finding hearings for both were conducted within 60 days of their initial appearances.
 

 Appellants warn that, as a result of our decision, presentment agencies will have insufficient incentive to timely commence fact-finding hearings for detained juveniles. According to appellants, if the only risk of failing to commence a fact-finding hearing within the three-day or 14-day period is the release of the juvenile — and not dismissal of the petition — the presentment agency will have little to lose in routinely seeking the detention of juveniles at their initial appearance. While we share the concern that detention not be needless or excessive, there are sufficient safeguards to prevent abuses. Significantly, the determination to detain a juvenile is made by Family Court.
 
 *748
 
 Family Court can direct detention only if it finds — and so states on the record — that, unless the juvenile is detained, “there is a substantial probability that he will not appear in court on the return date” or that “there is a serious risk that he may before the return date commit an act which if committed by an adult would constitute a crime” (Family Ct Act § 320.5 [3]).
 

 Appellants’ remaining contentions are either unpreserved or without merit.
 

 Accordingly, the orders of the Appellate Division should be affirmed, without costs.
 

 Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 In each case: Order affirmed, without costs.
 

 [1]
 

 . The court may, of course, adjourn a fact-finding hearing beyond the specified periods for good cause (Family Ct Act § 340.1 [4] [a]). A good cause adjournment, however, may not be more than three days if the juvenile is being detained or more than 30 days if the juvenile is not in detention
 
 (id.; see also,
 
 Family Ct Act § 340.1 [5] [the court should state on the record the reason for any such adjournments]). The Family Court Act further provides that successive motions to adjourn a fact-finding hearing must be accompanied by a showing, on the record, of special circumstances (Family Ct Act § 340.1 [6] [special circumstances “shall not include calendar congestion or the status of the court’s docket or backlog”]).
 

 [2]
 

 . Under Family Court Act § 340.1 (4) (a), the court was only authorized to grant a good cause adjournment for three days because Oldalys was in
 
 *747
 
 detention. Thus, the four-day adjournment until September 10 was not statutorily permitted. Oldalys did not object to the length of the adjournment at that time, nor does he raise the issue on appeal.