█ In the Matter of ERNST J., Appellant. JAMES L. STONE et al., Respondents. [739 NYS2d 737] —In a proceeding pursuant to CPL 330.20 (14), Ernst J. appeals, by permission, from an order of the Supreme Court, Kings County (Cutrona, J.), dated July 12, 2000, which, after a hearing, granted the application of the Commissioner of the New York State Office of Mental Health to commit him to the custody of the Commissioner for confinement in a secure facility for care and treatment.

Ordered that the order is affirmed, without costs or disbursements.

In 1993 Ernst J. entered a plea of not responsible by reason of mental disease or defect to an indictment charging him with assault in the second degree. After a psychiatric examination and an initial hearing to evaluate Ernst J.'s mental condition, the Supreme Court determined that he did not suffer from a "dangerous mental disorder" and he was not "mentally ill" as those terms are defined in CPL 330.20 (1) (c) and (d). By order of the Supreme Court, Kings County, dated June 1, 1994, Ernst J. was discharged subject to an order of conditions, which remained in effect for five years. Shortly before the order of conditions was about to expire in 1999, the Commissioner of the New York State Office of Mental Health (hereinafter the Commissioner) applied for a recommitment order pursuant to CPL 330.20 (14), seeking to place Ernst J. in a secure psychiatric facility on the ground that he currently suffered from a dangerous mental disorder.

By order dated February 9, 2000, the Supreme Court, inter alia, denied the motion of Ernst J. to dismiss the recommitment application on constitutional grounds. After a hearing, the Supreme Court determined that Ernst J. had a dangerous mental disorder and issued a recommitment order, dated July 12, 2000, which placed him in the custody of the Commissioner for confinement in a secure facility for care and treatment for six months. While the underlying recommitment order has expired by its own terms, the issues raised warrant invoking an exception to the mootness doctrine (*see, Mental Hygiene*

*Legal Servs. v Ford,* 92 NY2d 500; *Matter of Chenier v Richard W.,* 82 NY2d 830).

Ernst J.'s primary contention on appeal is that the recommitment procedure set forth in CPL 330.20 (14), as applied to a so-called "track three" insanity acquittee who was initially discharged subject to an order of conditions after a judicial determination that he did not suffer from a dangerous mental disorder and was not mentally ill, violates the Equal Protection and Due Process Clauses of the United States Constitution. In essence, Ernst J. argues that he successfully rebutted the presumption of mental illness and danger at the initial hearing; therefore, he is entitled to all of the procedural protections accorded to persons who are involuntarily committed in a civil proceeding pursuant to the Mental Hygiene Law.

Defendants who are not guilty by reason of mental disease or defect are "an exceptional class of individuals who may properly be treated somewhat differently from persons subject to civil commitment" (*People ex rel. Thorpe v Von Holden,* 63 NY2d 546, 555 [internal quotation marks omitted]; *People ex rel. Henig v Commissioner of Mental Hygiene,* 43 NY2d 334, 338; *see, People v Escobar,* 61 NY2d 431). The recommitment provisions of CPL 330.20 (14) have a direct and substantial relationship with the State's interest in protecting the public safety, safeguarding the rights of insanity acquittees, and providing treatment for those acquittees who suffer from a mental illness (*see, Matter of Francis S.,* 87 NY2d 554; *People v Stone,* 73 NY2d 296).

With respect to the disclosure issue, there is no evidence in the record to support Ernst J.'s claim that the Supreme Court improperly denied his discovery request on the ground that the documents maintained by the Bureau of Forensic Services were protected by a public interest or deliberative process privilege. This Court cannot consider matters contained in the briefs but not properly presented by the record (*see, Block v Nelson,* 71 AD2d 509). Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.