■ In the Matter of Julius P., a Person Alleged to be a Juvenile Delinquent, Appellant. [809 NYS2d 27]—

Order of disposition, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about May 21, 2002, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that appellant had committed acts which, if committed by an adult, would constitute criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and placed him in the custody of the New York State Office of Children and Family Services for a period of up to 18 months, unanimously reversed, on the law, without costs, and the petition dismissed.

This proceeding was commenced on August 31, 1999 at which time appellant denied the petitioner's allegations, and the judge released him to his father and scheduled the fact-finding hearing for October 13, 1999. Also on that date, the presentment agency requested an adjournment because the undercover police officer was testifying in another court. The matter was then adjourned to October 29, 1999, one day before the expiration of the 60-day period during which these proceedings must be commenced (see Family Ct Act §§ 310.2, 340.1 [2]). On October 29, the agency again requested an adjournment because neither the

undercover officer nor the arresting officer was available to testify. Specifically, the undercover had telephoned agency counsel that morning to explain that she had "just learned" of the rescheduled hearing date and was scheduled for a "special assignment" that day. The arresting officer had a regularly scheduled day off and was unable to appear due to child care issues. Counsel further explained that the Police Department had not rescheduled the arresting officer's day off because it was believed that the undercover would be available to testify. Appellant's counsel moved to dismiss the petition because the agency failed to show good cause for commencing the proceeding beyond the 60-day limit. The court found the agency had met its burden of demonstrating good cause and granted another adjournment.

We reverse.

A fact-finding hearing must be commenced within 60 days after a respondent's initial appearance when the respondent is not detained (*see* Family Ct Act § 340.1 [2]; *Matter of Bernard T.*, 92 NY2d 738, 745 [1999]). While the agency may seek a 30-day adjournment of the commencement of the fact-finding hearing on "good cause shown" (Family Ct Act § 340.1 [4] [a]), it "must take all reasonable measures to insure its readiness to proceed" within the prescribed limitations (*Matter of Robert B.*, 187 AD2d 347, 349 [1992]).

We find, based on this record, the agency failed to demonstrate good cause to adjourn the fact-finding hearing. Neither police officer appeared the day the hearing was first scheduled to commence, and no explanation was offered for the arresting officer's absence. On the adjourned date, the agency again failed to produce a police witness. The agency's bare excuses that one officer was on "special assignment" and it was the other officer's regular day off, without more, are insufficient to demonstrate good cause to adjourn the hearing beyond the 60-day statutory limitation (*see Matter of Darius P.*, 269 AD2d 140 [2000]). The record is barren of any facts to help this Court determine why the undercover officer only learned belatedly of the adjourned date and whether either officer could have appeared later that day to commence the hearing as required by law (*see* Family Ct Act § 340.1 [2]). We note that the court failed to respond to the agency's meager offerings with questions that might have clarified the meaning and importance of the "special assignment" on October 29 and why the undercover officer belatedly learned of the hearing date. Thus, we are unable to find good cause to extend commencement of the hearing beyond 60 days (*see* Family Ct Act § 340.1 [4] [a]).

We need not reach defendant's remaining contention in light of our determination. Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.