[889 NYS2d 834]

# In the Matter of the Guardianship of Leo R.

Surrogate's Court, Broome County, October 26, 2009

APPEARANCES OF COUNSEL

*Levene, Gouldin & Thompson, LLP*, Binghamton (*Gary W. Farneti* of counsel), for petitioner. *Andrew M. Cuomo, Attorney General*, Binghamton (*Carol A. Cocchiola* of counsel), for Broome Developmental Center. *Hinman, Howard & Kattell*, Binghamton (*James M. Hayes* of counsel), guardian ad litem. *Mental Hygiene Legal Service*, Binghamton (*A. Laura Bevacqua* of counsel).

## OPINION OF THE COURT

Eugene E. Peckham, J.

Petitioner, by order to show cause, as SCPA article 17-A guardian of her brother, Leo, requests that the Broome Developmental Center (BDC) be enjoined as follows: (1) to give her unfettered access to her brother anywhere in the BDC facility, (2) to maintain one-on-one monitoring for Leo, (3) to not awaken Leo and force him to get out of bed until he is ready, and (4) to remove Susan W. from the unit at BDC where Leo resides. The action, therefore, is one for mandamus to compel.

Petitioner argues that SCPA 1758 gives the court authority to compel BDC to do the specified acts because the court has continuing "general jurisdiction over the mentally retarded or developmentally disabled person." Respondent argues, first, that petitioner has not exhausted her administrative remedies under 14 NYCRR 633.12, and second, that the court cannot interfere in the clinical treatment decisions made by BDC for Leo.

Mental Hygiene Law §§ 33.03 and 29.13 require that each patient in a facility receive care and treatment and that the director of the facility shall require a written treatment plan for each patient. 14 NYCRR 633.12 sets forth the system by which a patient or his guardian may object to the treatment plan.

The remedies that petitioner seeks relate to the plan for treatment of Leo's disorders. In effect, she asks the court, acting under SCPA 1758, to direct BDC, by injunction, how to treat Leo's disorders, who shall treat him and when and where she shall be allowed to visit Leo. Such a petition, under SCPA 1758 to direct and compel the method of treatment, is one of first impression.

In an analogous situation, the Court of Appeals has held that Family Court, acting under section 255 of the Family Court Act, does not have authority to impose upon the Department of

Social Services and the Probation Department a plan for supervision of persons in need of supervision (*Matter of Lorie C.*, 49 NY2d 161 [1980]; *Matter of Ronald W.*, 25 AD3d 4 [1st Dept 2005]). Section 255 provides that Family Court "may order[ ] any state, county, municipal and school district officer . . . to render such assistance and cooperation . . . [to] determine the appropriate special services or programs necessary to meet the needs of a handicapped child, but shall not require the provisions of a specific special service or program." The Court of Appeals held that "[the] courts do not normally have overview of the lawful acts of appointive and elective officials involving questions of judgment, discretion, allocation of resources and priorities." (*Matter of Lorie C.* at 171.)

As stated in *Matter of Ronald W.* (at 11), "A court can only compel an action by an administrative agency where it is ordering the performance of a ministerial, nondiscretionary act." (*See Matter of Savastano v Prevost*, 66 NY2d 47 [1985].) In *Matter of Chenier v Richard W.* (82 NY2d 830 [1993]), the Supreme Court imposed treatment-related provisions in an order directing the retention of a patient in a psychiatric hospital pursuant to Mental Hygiene Law § 9.13. The Court of Appeals held that the court did not have authority to "impos[e] treatment-related conditions as part of its retention order." (*Id.* at 830-831.) In *Matter of Robert C. v Wack* (167 Misc 2d 677, 685 [Sup Ct, NY County 1995]) the court said, "While the Supreme Court has broad jurisdiction to protect and supervise treatment of committed mental patients . . . it may not micromanage patient care."

The continuing jurisdiction of the Surrogate over mentally retarded and developmentally disabled persons under SCPA 1758 is similar to Family Court's powers under Family Court Act § 255 and Supreme Court's powers under Mental Hygiene Law § 9.13. Nevertheless, the Court of Appeals has clearly held that courts do not have authority to interfere in the discretionary acts of administrative agencies, which includes interference in treatment plans developed by the administrative agency charged with the care and treatment of mentally ill, mentally retarded or developmentally disabled persons. Similarly, there is no reason why the Surrogate, under SCPA 1758, should have the authority to direct BDC's treatment plan.

The system for review of objections to a treatment plan under 14 NYCRR 633.12 includes informal objection followed by written objection, a hearing, and appeal to the Commissioner of

Mental Health. After the final decision of the Commissioner, a CPLR article 78 proceeding may be brought. At the oral argument, the attorney for petitioner admitted there had been no written objection or hearing, only an attempt at informal resolution. Thus, the administrative remedies have not been exhausted. The fact that petitioner seeks mandamus to compel action by BDC does not obviate the requirement for exhaustion of the administrative remedies, absent a showing of irreparable injury. (*Martinez 2001 v New York City Campaign Fin. Bd.*, 36 AD3d 544 [1st Dept 2007]; *Matter of DiBlasio v Novello*, 28 AD3d 339 [1st Dept 2006].)

Petitioner's factual allegations about Leo's injuries in her affidavits are disputed by the affidavit of Deputy Director Linda Smith, R.N. Leo admittedly has a seizure disorder, which could result in his injuries. There has been no proof the seizures did not cause any injuries he may have suffered. Thus, the allegations do not show irreparable injury. Rather, since there has been no administrative hearing, there are merely disputed facts to be resolved at such a hearing. The administrative remedies have not been exhausted in this case.

For the foregoing reasons, the petition is denied.