■ In the Matter of Kevin M., a Person Alleged to be a Juvenile Delinquent, Appellant. [925 NYS2d 194]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Kevin M. appeals, by permission, from an order of the Family Court, Kings County (Freeman, J.), dated

August 3, 2010, which, after a prepetition detention hearing pursuant to Family Court Act § 307.4, remanded him to the Commissioner of Juvenile Justice to be detained pending the filing of a petition, in effect, no later than August 9, 2010, and a probable cause hearing that was scheduled to be held on August 9, 2010.

Ordered that the order is reversed, on the law, without costs or disbursements.

The appellant, 15-year-old Kevin M., was arrested on Monday, August 2, 2010, after he was observed with a stolen motor scooter. A prepetition detention hearing pursuant to Family Court Act § 307.4 was held the next day, Tuesday, August 3, 2010, to determine, among other things, whether the appellant should be released to his parent or further detained pending the filing of a juvenile delinquency petition and a probable cause hearing (see Family Ct Act §§ 307.4, 320.5). Pursuant to Family Court Act § 307.4 (7), the juvenile delinquency petition must be filed and a probable cause hearing held "within four days of the conclusion of" this prepetition detention hearing.

At the prepetition detention hearing, the Family Court found that there was a serious risk that the appellant may, before the return date, commit an act which, if committed by an adult, would constitute a crime (see Family Ct Act § 320.5 [3] [b]). Thus, the Family Court remanded the appellant to the Commissioner of Juvenile Justice to be detained pending the filing of a petition and a probable cause hearing to be held six days later on the following Monday, August 9, 2010. At the prepetition hearing, the Family Court Judge noted that she could order detention for up to four days prior to the filing of the petition, but because the fourth day fell on a Saturday and 21 cases were scheduled for that Friday, she adjourned the matter to the next business day, the following Monday, August 9, 2010, for the filing of the petition and a probable cause hearing.

On appeal, the appellant contends that the Family Court erred in extending his prepetition detention beyond the four-day period mandated by Family Court Act § 307.4 (7). He argues that if the fourth day falls on a weekend, the Family Court is not empowered to adjourn the matter for the filing of the petition on the next business day, since the application of General Construction Law § 25-a to extend a juvenile's prepetition detention in this way would be inconsistent with the legislative intent underlying the provisions of Family Court Act § 307.4 (7). We agree.

Initially, we note that although the issue raised on this appeal was rendered academic by the expiration of the detention order,

"the appeal should be retained because it satisfies the three critical conditions to the mootness exception in that it presents an issue that (1) is likely to recur, (2) will typically evade review and (3) is substantial and novel" (*Matter of Chenier v Richard W.*, 82 NY2d 830, 832 [1993]; *see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

Turning to the merits, the Family Court erred in applying General Construction Law § 25-a to extend the period of the appellant's prepetition detention under Family Court Act § 307.4 (7). Section 25-a of the General Construction Law provides: "When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day" (General Construction Law § 25-a [1]; *see People v Assi*, 14 NY3d 335, 343 [2010]). The General Construction Law "is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter" (General Construction Law § 110; *see People v Reed*, 265 AD2d 56, 61 [2000]). A review of Family Court Act article 3 and its legislative history indicates that the Legislature did not intend to permit extensions of a child's prepetition detention under Family Court Act § 307.4 beyond the statutory four-day period to take into account weekends and holidays.

Section 307.4 of the Family Court Act provides that if a child is detained prior to the filing of a petition, the Family Court must hold a hearing for the purpose of making a preliminary determination of whether it appears to have jurisdiction over the child (*see* Family Ct Act § 307.4 [1]). The hearing must be held "within seventy-two hours of the time detention commenced or the next day the court is in session, whichever is sooner" (Family Ct Act § 307.4 [5]). After the hearing, the Family Court may, as it did here, direct detention if it finds that there is a serious risk that the child may commit a delinquent act before the return date (*see* Family Ct Act § 307.4 [4] [c]; § 320.5 [3] [a] [ii]). The provision at issue on this appeal, subdivision 7 of section 307.4 of the Family Court Act provides: "A petition shall be filed and a probable-cause hearing held under section 325.1 within four days of the conclusion of a hearing under this section. If a petition is not filed within four days the child shall be released."

At the outset, the plain language of Family Court Act § 307.4 (7), unlike the language in other provisions of article 3 (*see e.g.*

Family Ct Act § 307.3 [4]; § 307.4 [5]; § 320.2 [1]; § 325.1 [3]), contains no indication that extensions for weekends or holidays were intended. Moreover, while other provisions of the Family Court Act allow the Family Court to grant adjournments upon a showing of good cause or special circumstances at different stages of the proceeding *after* a petition is filed (*see* Family Ct Act § 325.1 [3]; § 340.1 [4], [6]), section 307.4 (7) does not provide for any adjournments of the filing of the petition. To the contrary, because "[s]ubdivision 7 is meant to preclude lengthy detention in the absence of a petition," prepetition detention pursuant to section 307.4 "cannot extend beyond four days" (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 307.4).

The conclusion that a child's prepetition detention cannot be extended beyond the statutory four-day limit is supported by the statute's legislative history. Section 307.4 (7) was enacted as part of the 1982 revisions of the Family Court Act, which were drafted with the intent to assure "the delivery of swift and certain justice in a Family Court juvenile delinquency proceeding" (Mem in Support, Bill Jacket, L 1982, ch 920; *see Matter of Frank C.*, 70 NY2d 408, 413 [1987]). The revised provisions established strict time limits for all phases of the proceeding despite concerns that the restrictions would impose an undue burden on the Family Court system, suggesting that "that the Legislature weighed all of the competing considerations and found the goal of speedy resolution of charges against juveniles to be paramount" (*Matter of Frank C.*, 70 NY2d at 414; *see Matter of George T.*, 99 NY2d 307, 313 [2002]; *Matter of Randy K.*, 77 NY2d 398, 405 [1991]). Further, the different time limitations for detained and nondetained children in article 3 "reflect a long-held legislative recognition that detention is a 'drastic' measure that may cause lasting damage in children who are needlessly detained" (*Matter of Bernard T.*, 92 NY2d 738, 745 [1999]).

The application of General Construction Law § 25-a to Family Court Act § 307.4 (7) would be inconsistent with the statute's general object of swift adjudication and the Legislature's concern regarding the needless detention of children. Applying General Construction Law § 25-a would extend a child's detention prior to the filing of a petition and a probable cause hearing by up to three days (taking into account holiday weekends), without a showing of good cause or special circumstances. Since this would be contrary to the Legislature's intent in enacting the statute, General Construction Law § 25-a is inapplicable, and the Family Court therefore erred in extending the appel-

lant's prepetition detention by two days to accommodate the occurrence of the weekend and the court's calendar.

In light of our determination, the appellant's remaining contentions have been rendered academic. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.