■ In the Matter of JEANETTE P. (ANONYMOUS), a Person Alleged to be in Need of Supervision, Appellant.— In a proceeding under article 7 of the Family Court Act in which appellant has been adjudged to be in need of supervision and placed on probation for one year by order of the Family Court, Kings County, dated October 15, 1969, the appeal is from a further order of said court dated March 5, 1970 which revoked the direction for probation and ordered appellant placed in the New York State Training School for 18 months. Order modified, on the law and the facts and in the exercise of discretion, (1) by striking therefrom the decretal paragraph which orders appellant placed at the New York Training School for 18 months and (2) by substituting therefor a direction that appellant is remanded to the care and custody of the Commissioner of Social Services for placement in a suitable environment (Family Ct. Act, § 756, subd. [a]). As so modified, order affirmed, without costs. In our opinion the Family Court improvidently exercised its discretion in ordering the placement of appellant in the New York State Training School, in view of the unchallenged report of Dr. Rodriguez which stated that placement in State training schools would be "a poor choice and possibly a risk." We appreciate the dilemma in which the Family Court found itself in the instant case. This case points up again the increasingly urgent need for proper facilities to provide adequate supervision and treatment for infants found to be persons "in need of supervision" pursuant to subdivision (b) of section 712 of the Family Court Act (see *Matter of Lloyd*, 33 A D 2d 385). Although placement in State training schools has been permanently authorized as a proper disposition under the Family Court Act of persons found to be in need of supervision (L. 1968, ch. 874), "the Legislature has long recognized that the State training schools are hardly a beneficial haven for young people in need of supervision and such disposition was first interdicted (see Second Report of the Joint Legislative Committee, McKinney's Sess. Laws 1962, 3435) and then allowed as a stopgap measure for three years (L. 1964, ch. 518; L. 1965 ch. 126; L. 1966, ch. 705) until it was finally made permanent" (*Matter of Lloyd*, 33 A D 2d 385, 387, *supra*). "The fact of the matter is that, however euphemistic the title, a 'receiving home' or an 'industrial school' for juveniles is an institution of confinement in which the child is incarcerated for a greater or lesser time. His world becomes ' a building with whitewashed walls, regimented routine and institutional hours * * *.' Instead of mother and father and sisters and brothers and friends and classmates, his world is peopled by guards, custodians, state employees, and ' delinquents' confined with him for anything from waywardness to rape and homicide" (*Matter of Gault*, 387 U. S. 1, 27). The creation of the additional designation of "person in need of supervision", pursuant to subdivision (b) of section 712 of the Family Court Act, represents enlightened legislative recognition of the difference between youngsters who commit criminal acts and those who merely misbehave in ways which, frequently, would not be objectionable save for the fact that the actor is a minor (e.g., running away from home, keeping late hours, truancy, etc.). However, the distinction becomes useless where, as here, the treatment accorded the one must be identical to that accorded the other solely because no other adequate alternative has been provided. In the instant case the record contains positive evidence that placement in the Training School would

be harmful to appellant. We recognize the difficulties facing the Commissioner of Social Services in the instant matter. However, "The court is authorized to seek the cooperation of * * * all societies or organizations, public or private, having for their object the protectioin or aid of children * * * to the end that the court may be assisted in every reasonable way to give the children * * * within its jurisdiction such care, protection and assistance as will best enhance their welfare" (Family Ct. Act, § 255). Christ, Acting P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.