■ In the Matter of LEONARD G., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of ADRIAN M., a Person Alleged to be a Juvenile Delinquent, Respondent. [618 NYS2d 348] —Orders, Family Court, New York County (Judith Sheindlin, J.), entered on or about September 28, 1993, dismissing Corporation Counsel's petitions on the grounds that the agency was not prepared to proceed with the fact-finding hearing within the statutory time frame, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the petitions are reinstated.

On July 27, 1993, Corporation Counsel filed juvenile delinquency petitions in Manhattan Family Court charging respondents with committing acts which, if committed by an adult, would constitute three counts of robbery in the second degree,

assault in the second degree and various misdemeanors. Respondents, and two other individuals, allegedly approached the complainant near the corner of 191st Street and Broadway where they attempted to take his bicycle. During the incident, one of the youths allegedly put a BB-gun to the complainant's head and pulled the trigger. After the ensuing struggle, the complainant purportedly sustained a fractured nose and several bruises.

At a fact-finding hearing conducted on September 7, 1993, the Assistant Corporation Counsel ("ACC") requested an adjournment in order to interview the six police officers involved in the arrests. The matter was adjourned to September 28, 1993, which the court advised would be considered the 60th, and last, day for trial (see, Family Ct Act § 340.1 [2]).

On September 28, 1993, the ACC advised the court that the complainant was not present because he was with his mother registering for school. The ACC averred that the mother had called earlier in the day and stated that she and her son would proceed to the court once the registration process had been completed. The court thereafter explained that the petitions would be dismissed if complainant was not produced on that day and denied several requests by the ACC to commence the fact-finding hearing as it pertained to the three police officers who were present.

When the case was called a second time, the complainant was still unavailable and the ACC informed the court that she had telephoned complainant's home and spoken with his father, who stated that he believed the complainant and his mother were on their way to the court. At approximately 3:30 P.M., the court asked the ACC to telephone the complainant's home again and at 4:30 P.M. the ACC reported to the court that she had obtained the same results as the previous call. The ACC again requested that the hearing be commenced with the arresting officers that were present but the court refused. At approximately 4:45 P.M., the court denied the ACC's request for a one-week adjournment for good cause and dismissed the petitions. We now reverse.

Pursuant to Family Court Act § 340.1 (2), a fact-finding hearing must be commenced within 60 days of the juvenile's initial appearance so long as the juvenile is not in detention. However, Family Court Act § 340.1 (4) (a) provides that a fact-finding hearing may be adjourned by the court, upon its own motion or that of the presentment agency, for up to 30 days beyond the 60-day period for "good cause shown".

Whether a particular event, or the circumstances of a certain case constitutes "good cause" is a matter which must be decided on a case by case basis with a view toward the legislative goal of prompt adjudication *(Matter of Frank C.,* 70 NY2d 408, 414; *Matter of Levar A.,* 200 AD2d 443; *Matter of Robert B.,* 187 AD2d 347, 349).

Here, the record reveals that the ACC produced her police witnesses in court on the date of the hearing and, further, relied· on the complainant's mother's representation that she would bring her son to court on the scheduled day. We have no reason to doubt the ACC's statement that complainant's mother had been reliable in the past and, since the adjournment requested by Corporation Counsel was minimal with no discernible prejudice to respondent, the court, in its discretion, should have granted the adjournment to ascertain, at the very least, the complainant's whereabouts and the reasons for his nonappearance which may have been caused by an emergency situation *(see generally, Matter of Michael M.,* 201 AD2d 288). Concur—Sullivan, J. P., Carro, Rosenberger, Williams and Tom, JJ.