(December 26, 1996)

■ In the Matter of JOSEPH CC., a Child Alleged to be a Juvenile Delinquent. RANSOM P. REYNOLDS, JR., as Chemung County Attorney, Respondent; JOSEPH CC., Appellant. (And Three Other Related Proceedings.) [651 NYS2d 697] —White, J. Appeals from four orders of the Family Court of Chemung County (O'Shea, J.), entered April 19, 1994 and April 20, 1994, which, in four proceedings pursuant to Family Court Act article 3, adjudicated respondents to be persons in need of supervision or a juvenile delinquent.

The sole question raised on these appeals is whether these juvenile delinquency proceedings should have been dismissed because respondents were not afforded a fact-finding hearing within 60 days of their initial appearances, as required by Family Court Act § 340.1 (2). On January 24, 1994, petitioner filed juvenile delinquency petitions charging respondents with an act which, if committed by an adult, would constitute the

crime of arson in the fourth degree. At respondents' initial appearances before Family Court on February 3, 1994, their cases were adjourned to February 17, 1994 at the request of their Law Guardians to allow them time to familiarize themselves with the facts underlying the petitions. On February 17 the Law Guardians requested a joint attorneys' conference which was scheduled for March 3, 1994 but subsequently adjourned as a result of a snow emergency until March 10, 1994. At the March 10 conference Family Court, without objection from the Law Guardians, scheduled a fact-finding hearing for each respondent on April 15, 1994.

On that day, respondents moved to dismiss the petitions on the ground that they had been denied their statutory right to a speedy fact-finding hearing (see, Family Ct Act §§ 310.2, 340.1 [2]). After Family Court denied the motions, the petitions against respondents Joseph CC., Emery QQ. and Kevin Z. were converted to PINS proceedings and respondents admitted the allegations of the converted petitions. Respondent Shane Z. admitted that he had committed an act which, if done by an adult, would constitute the crime of criminal trespass in the third degree and was adjudicated a juvenile delinquent. Claiming that Family Court should have granted their motions to dismiss, respondents appeal.

Where, as here, a respondent is not in detention, it is required that the fact-finding hearing in a juvenile delinquency proceeding commence not more than 60 days after the conclusion of the initial appearance; however, the court, on its own motion or that of the presentment agency or the respondent, may adjourn the hearing for good cause shown for not more than 30 days (see, Family Ct Act § 340.1 [4] [a], [b]). Here, although the April 15, 1994 hearing date was 11 days beyond the 60-day limitation, there is no indication in the record that a formal motion was made for an adjournment nor does the record reveal why the hearing was adjourned to April 15, 1994.

In its decision on the motions to dismiss, Family Court noted that at the March 10, 1994 conference all of the Law Guardians consented to the hearing date "and nobody made any reference to speedy trial issues". Having failed to raise an objection, we conclude that respondents consented to the adjournment and cannot now be heard to complain that they were denied their statutory speedy trial rights (see, Matter of Walter P., 203 AD2d 213, lv denied 84 NY2d 807; Matter of Hiram D., 189 AD2d 730, 732; compare, Matter of Melvin A., 216 AD2d 227, 228). Significantly, this was the only adjournment beyond the 60-day period and the fact-finding hearing

was scheduled less than 90 days following respondents' initial appearances (*see, Matter of Walter P., supra*). Moreover, under analogous circumstances, delays of seven and 10 days in holding the fact-finding hearing have been countenanced (*see, Matter of Leonard G.*, 209 AD2d 263; *Matter of Levar A.*, 200 AD2d 443). We further note that the Court of Appeals has indicated recently that the right to a speedy fact-finding hearing can be waived (*see, Matter of Willie E.*, 88 NY2d 205, 209-210).

Therefore, under these unique circumstances, and because the Legislature's goal of prompt adjudication has been satisfied in these cases and there has been no discernable prejudice to respondents, we find that Family Court properly denied the motions to dismiss (*see, Matter of Leonard G., supra*; *Matter of Michael M.*, 201 AD2d 288, 289).

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.