■ In the Matter of PAUBLO C., a Person Alleged to be a Juvenile Delinquent, Respondent. [667 NYS2d 713] —Order, Family Court, New York County (Rhoda Cohen, J.), entered on or about November 21, 1996, dismissing the juvenile delinquency petition, unanimously reversed, on the law and the facts, without costs, the motion denied, the petition reinstated and the matter remanded to Family Court for further proceedings.

The petition alleged that the 13 year old respondent committed acts, consisting of choking the complainant with a tree branch and punching her in the face, which if committed by an adult would constitute the crimes of attempted assault in the second degree, assault in the third degree and criminal possession of a weapon in the fourth degree. After several consent adjournments during which the 60-day speedy trial time period (Family Ct Act § 340.1 [2]) was extended, the presentment agency and the law guardian appeared for the scheduled *Huntley* hearing and fact-finding proceeding. Complainant did not appear. Counsel for the presentment agency indicated that she would proceed with the *Huntley* hearing, and that she had a capability to proceed with the fact finding on the basis of the complainant's medical records and the respondent's statement, if it was not suppressed, but requested a short adjournment in order to locate the complainant. A letter dated November 4, 1996, sent to complainant advising her of the scheduled hearing, was returned with the notation "insufficient address" only a few days prior to the hearing date. Upon the letter's return, the agency had tried to reach complainant by telephone, but the telephone had been disconnected. Counsel requested a short adjournment to visit the complainant's last known address or otherwise try to locate her. Family Court denied the request and dismissed the petition on the basis that the agency had failed to sufficiently follow up on the returned letter.

Although Family Court Act § 340.1 (2) requires that the fact-finding hearing commence within sixty days of the conclusion of the respondent's initial appearance, a limited adjournment may be granted upon the agency's showing of good cause (Family Ct Act § 340.1 [4] [a]). In view of the routine yet diligent efforts undertaken by the agency to secure the complainant's attendance, the short lapse of time between the return of the letter and the scheduled hearing date, and the short adjournment necessary to ascertain complainant's whereabouts, the agency met its burden of demonstrating the requisite good

cause (*Matter of Leonard G.*, 209 AD2d 263; *Matter of James T.*, 220 AD2d 352). In view of the importance of her testimony and the agency's readiness to proceed with the *Huntley* hearing, a limited adjournment should have been granted. At the very least, insofar as the Family Court Act imposes no time limit on the completion of the fact-finding hearing (*Matter of Anthony H.*, 219 AD2d 436), and since not every essential witness need be present at its inception (*Matter of Robert B.*, 187 AD2d 347; *Matter of Leonard G.*, *supra*), the court could have commenced the fact-finding hearing and, if necessary, granted a limited continuance (*Matter of Anthony H.*, *supra*), for purposes of ascertaining complainant's whereabouts, especially in view of the negligible prejudice to respondent (*Matter of James T.*, *supra*; *Matter of Leonard G.*, *supra*), who already was in placement in connection with an unrelated matter. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.