■ In the Matter of JASMINE A., a Person Alleged to be a Juvenile Delinquent, Appellant. [727 NYS2d 122] —In two related juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Suffolk County (Simeone, J.), dated May 9, 2000, which, upon a fact-finding order of the same court, dated April 17, 2000, made after a hearing, finding that Jasmine A. had committed an act which, if committed by an adult, would have constituted the crime of criminal contempt in the second degree, adjudicated her a juvenile delinquent, and placed her on probation under the intensive supervision of the Suffolk County Department of Probation for a period of one year, (2) a post-petition order of the same court, dated October 2, 2000, made after a hearing, which remanded Jasmine A. to a secure detention facility pending further proceedings, and (3) an amended order of disposition of the same court, entered November 6, 2000, which, upon an oral decision of the same court, made on October 30, 2000, after a hearing, revoked the disposition of probation previously imposed by the same court on May 9, 2000, upon a finding that Jasmine A. had violated a condition thereof, re-adjudicated her a juvenile delinquent, and placed her in a limited secure facility with the Office of Children and Family Services for a period of one year.

Ordered that the appeal from the post-petition order dated October 2, 2000, is dismissed, without costs or disbursements, as that order is not appealable as of right, and leave to appeal has not been granted (*see,* Family Ct Act § 1112); and it is further,

Ordered that the appeal from the order of disposition dated May 9, 2000, is dismissed, without costs or disbursements, as that order was superseded by the amended order of disposition entered November 6, 2000; and it is further,

Ordered that the amended order of disposition entered November 6, 2000, is reversed, on the law, without costs or disbursements, the order of disposition dated May 9, 2000, is vacated, the petitions are dismissed, and the appellant's record is sealed pursuant to Family Court Act § 375.1.

Although the appellant has been released from the custody of the Office of Children and Family Services, there may be collateral consequences arising from her adjudication as a juvenile delinquent, and therefore, the appeal is not academic (*see, Matter of Ejiro A.,* 268 AD2d 428).

The appellant was originally brought before the Family Court on a petition to adjudicate her a Person in Need of Supervision (hereinafter a PINS), pursuant to article 7 of the Family Court Act. After her adjudication as a PINS, the appellant repeatedly violated the terms of her probation and Family Court orders which had placed her in a residential treatment facility with directions not to leave until she successfully completed the program. The Presentment Agency filed a petition to adjudicate her a juvenile delinquent under article 3 of the Family Court Act, alleging that, by eloping from the treatment facility, the appellant committed an act, which, if committed by an adult, would have constituted the crime of criminal contempt in the second degree, as her acts were in direct violation of the Family Court's directives that she not leave the facility. The appellant was adjudicated a juvenile delinquent and eventually placed in a limited secure facility—a disposition which would have been prohibited in a PINS proceeding by Family Court Act § 720 (2). That statute provides that "[t]he detention of a child in a secure detention facility shall not be directed under any provision of this article."

We now reverse, and vacate the orders adjudging the appellant to be a juvenile delinquent and placing her in a limited secure facility. Her act of eloping from the treatment facility, although violative of the Family Court's orders, was nevertheless an act consistent with PINS behavior, not with juvenile delinquency. Notwithstanding the Family Court's frustration with the statutory scheme, which often renders the PINS proceeding an exercise in futility, the Family Court may not do indirectly what it is prohibited from doing directly—placing a PINS in a secure facility (*see, Matter of Sylvia H.,* 78 AD2d 875; *Matter of Freeman,* 103 Misc 2d 649; *see also, Matter of Ronald S.,* 69 Cal App 3d 866, 138 Cal Rptr 387).

In effect, the Family Court "bootstrapped" a PINS proceeding into two juvenile delinquency proceedings through employment of its contempt power to punish typical runaway behavior of a PINS. As this Court holds in *Matter of Naquan J.* (284 AD2d 1 [decided herewith]), this is not permitted under the Family Court Act as currently structured. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.