■ In the Matter of ASIA H., a Person Alleged to be a Juvenile Delinquent, Appellant. [734 NYS2d 230] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Suffolk County (Simeone, J.), entered November 2, 2000, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal contempt in the second degree, and (2) an order of disposition of the same court, also entered November 2, 2000, which, upon the fact-finding order, adjudicated her a juvenile delinquent and placed her in the custody of the Office of Family and Children Services for a period of one year.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the proceeding is dismissed.

The appellant was originally brought before the Family Court on a petition to adjudicate her a person in need of supervision (hereinafter PINS) pursuant to Family Court Act article 7. After she was adjudicated a PINS, she allegedly violated the terms of an order of protection issued in that proceeding.

The presentment agency commenced this juvenile delinquency proceeding against the appellant pursuant to Family Court Act article 3, alleging that by violating the order of protection, she committed an act which, if committed by an adult, would have constituted the crime of criminal contempt in the second degree. After a hearing, she was adjudicated a juvenile delinquent, and placed in the custody of the Office of Children and Family Services for a period of one year. Just as in *Matter of Jasmine A.* (284 AD2d 452, 453), "the Family Court 'bootstrapped' [the] PINS proceeding" into a "juvenile delinquency proceeding" through the improper "employment of its contempt power to punish" the appellant for her failure to comply with one of its orders (*see also, Matter of Naquan J.*, 284 AD2d 1). Such a practice "is not permitted under the Family Court Act as currently structured" (*Matter of Jasmine A., supra*, at 453). O'Brien, J. P., Feuerstein, Smith and Crane, JJ., concur.