■ In the Matter of JENNIFER G., Alleged to be a Person in Need of Supervision, Appellant. [811 NYS2d 85]—

In a proceeding pursuant to Family Court Act article 7, Jennifer G., the person alleged to be in need of supervision, appeals from an order of the Family Court, Queens County (DePhillips, J.) dated May 30, 2003, which, sua sponte, determined that Family Court Act § 720 (2) is unconstitutional.

Ordered that the order is reversed, on the law, without costs or disbursements.

Contrary to the conclusion of the Family Court, Family Court Act § 720 (2) is not constitutionally infirm. "The Legislature is not precluded from treating different classes of juveniles differently" (*Matter of Keith H.*, 188 AD2d 81, 85-86 [1993]) and the statute is rationally related to the legitimate state interest of precluding the institutionalization of PINS whose "misconduct does not amount to criminal activity and [for whom] the emphasis is on supervision and treatment rather than confinement" (*id.* at 87).

The provision is, moreover, not violative of the separation of powers doctrine since the Family Court's inherent contempt authority is expressly limited by Family Court Act § 156 (*see Matter of Naquan J.*, 284 AD2d 1 [2001]; *Matter of Edwin G.*, 296 AD2d 7 [2002]). "To the extent that the courts may have some discretion to adjust their procedures in areas involving the 'inherent nature of the judicial function,' the courts may not exercise that discretion in a manner that conflicts with existing legislative command" (*People v Mezon*, 80 NY2d 155, 159 [1992],

quoting *Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5-6 [1986]).

Finally, Family Court Act § 720 (2) is not preempted by the Juvenile Justice and Delinquency Prevention Act (*see* 42 USC § 5601 *et seq.*) which permits, but does not mandate, the secure detention of juvenile status offenders who violate court orders (*see* 42 USC § 5633 [a] [11] [A] [ii]). Indeed, New York has declined to adopt that optional provision as part of its statutory scheme.

While we remain mindful of the frustration Family Court judges frequently feel while attempting to compel recalcitrant PINS to comply with Family Court orders, the Family Court Act, as presently structured, prohibits the commitment of PINS to a secure detention facility and the issuance of a criminal contempt order (*see Matter of Naquan J., supra*; *Matter of Edwin G., supra*; *Matter of Victoria S.*, 297 AD2d 323 [2002]; *Matter of Asia H.*, 289 AD2d 404 [2001]; *Matter of Jasmine A.*, 284 AD2d 452 [2001]). Rather, as we have previously noted, the resolution of this dilemma rests with the Legislature (*see Matter of Naquan J., supra* at 7; *Matter of Edwin G., supra* at 12). Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur. [*See* 196 Misc 2d 692 (2003).]