(January 10, 2008)

■ In the Matter of JEFFREY C., a Person Alleged to be a Juvenile Delinquent, Appellant. [849 NYS2d 517]—

Order of disposition, Family Court, Bronx County (Nelida Malave, J.), entered on or about May 11, 2006, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act which, if committed by an adult, would constitute attempted assault in the third degree, and placed him on probation for a period of 12 months, unanimously modified, on the facts and in the exercise of discretion, to the extent of vacating that portion of the dispositional order that reflects two counts of attempted assault and substituting therefor a provision that reflects one count of attempted assault in the third degree, and substituting for appellant's adjudication as a juvenile delinquent a finding that he is a person in need of supervision (PINS), and otherwise affirmed, without costs.

The order of disposition mistakenly recites that appellant

admitted to two charges in the petition. It is uncontested, and, indeed, the record demonstrates, that appellant admitted to only one count of the petition, which charged an act which, if committed by an adult, would constitute one count of the crime of attempted assault in the third degree (with intent to cause physical injury).

The instant proceeding was commenced as a result of an altercation between appellant and his brother in their home. The brothers' mother and stepfather intervened to stop the brothers from fighting. While appellant may have overreacted to the situation, his outburst appears to have been in response to the heat of the moment and provocation by his older brother. Appellant has no prior delinquency or PINS findings, and there are no reports of alcohol or illegal drug use. While the Probation Department report indicates that appellant did not follow curfew and had several school absences, the court could have required the department to monitor appellant "to assure that he attends school regularly and obeys a curfew," without adding the stigma of a juvenile delinquent adjudication (*Matter of Justin Charles H.*, 9 AD3d 316, 317 [2004]; *accord Matter of Letisha D.*, 14 AD3d 455, 456-457 [2005]).

Consequently, we find that under these particular circumstances, by imposing a juvenile delinquent adjudication and 12 months' probation, the court did not impose "the least restrictive available alternative . . . consistent with the needs and best interests of the [appellant] and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]). Rather, a PINS adjudication with Probation Department supervision would adequately serve the needs of appellant and society in this case. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered on September 27, 2007 (43 AD3d 805 [2007]) recalled and vacated and a new decision and order substituted therefor.