■ In the Matter of MICHAEL OO., a Person Alleged to be a Juvenile Delinquent. SCHENECTADY COUNTY PROBATION DEPARTMENT, Respondent; MICHAEL OO., Appellant. [861 NYS2d 458]—

Lahtinen, J. Appeals (1) from an order of the Family Court of Schenectady County (Assini, J.), entered September 7, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent, and (2) from an order of said court, entered November 16, 2007, which granted petitioner's application to modify the prior order of disposition.

The facts are set forth in our decision in an earlier appeal, where we held that Family Court erred in holding that it lacked authority to consider whether respondent should be found to be a person in need of supervision (hereinafter PINS) rather than a juvenile delinquent, and we remitted the matter to Family Court to consider such issue (37 AD3d 1002, 1003 [2007]). Upon remittal, Family Court found, in an order entered in September 2007, that a juvenile delinquency determination was appropriate and placed respondent on probation. Petitioner subsequently moved to extend respondent's probation for six months and, upon respondent's consent, the application was granted in an order entered in November 2007. Respondent appeals from both orders.

Initially, we note that the appeal from the November 2007 order must be dismissed since it was entered on consent (*see Matter of Desmond S.*, 97 NY2d 693, 693 [2002]; *Matter of Shaheen P.J.*, 29 AD3d 996, 997 [2006]; *Matter of Misti Z.*, 300 AD2d 1147, 1147 [2002]). Moreover, respondent abandoned any challenge to such order by failing to advance an argument regarding it on appeal (*see Matter of Senator NN.*, 305 AD2d 819, 820 [2003]).

Petitioner contends that the appeal from the September 2007 order finding juvenile delinquency is moot. We cannot agree. Although respondent has completed his dispositional requirement,

that adjudication nevertheless implicates possible collateral legal consequences and, thus, is not moot (see Matter of Michael H., 239 AD2d 618, 619 [1997]; Matter of Tabitha LL., 216 AD2d 651, 653 [1995], affd 87 NY2d 1009 [1996]).

Respondent argues that Family Court erred in adjudicating him a juvenile delinquent rather than substituting a PINS finding. The decision whether to substitute a PINS finding for a juvenile delinquency determination rests within the discretion of Family Court (see Family Ct Act § 311.4 [2]; 37 AD3d 1003 [2007]; Matter of Nicholas X., 262 AD2d 683, 684 [1999]; cf. Matter of Devon R., 278 AD2d 15, 15 [2000], lv denied 96 NY2d 707 [2001]). Here, respondent admitted initiating sexual contact with a younger child and this behavior would have constituted a crime if done by an adult. Respondent had engaged in prior inappropriate touching of other children and respondent's own expert recommended supervision. Upon review of the record, we are unpersuaded that Family Court abused its discretion or otherwise committed reversible error in this case (see Matter of Nicholas X., 262 AD2d at 684).

Spain, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the order entered September 7, 2007 is affirmed, without costs. Ordered that the appeal from the order entered November 16, 2007 is dismissed, without costs.