In the Matter of DANIEL I., Appellant. [871 NYS2d 183]—

The appellant originally was brought before the Family Court on a petition to adjudicate him a person in need of supervision (hereinafter PINS) pursuant to Family Court Act article 7. After he was adjudicated a PINS, he allegedly violated certain electronic monitoring conditions of probation, imposed as part of the disposition of that proceeding, by damaging the strap of his electronic monitoring device and breaking curfew. The presentment agency then commenced the subject juvenile delinquency proceedings pursuant to Family Court Act article 3, alleging that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal mischief in the fourth degree and obstruction of governmental administration in the second degree. After fact-finding and dispositional hearings, he was adjudicated a juvenile delinquent on both charges, and ultimately placed in a secure facility with the Office of Children and Family Services for a period of 12 months.

A PINS is one who is, inter alia, "incorrigible, ungovernable or habitually disobedient and beyond the lawful control of a parent or other person legally responsible for such child's care" (Family Ct Act § 712 [a]). PINS behavior includes running away from home, breaking curfew, and truancy (see Matter of Jeanette P., 34 AD2d 661 [1970]). The placement of a child in a secure facility is not permitted in a PINS proceeding (see Family Ct Act § 720 [2]; Matter of Jasmine A., 284 AD2d 452, 453 [2001]).

In situations where a PINS absconds from placement, the Family Court may not "bootstrap" the PINS adjudication onto one for juvenile delinquency by using its inherent contempt power to "punish [a] runaway status offender with criminal consequences" (Matter of Naquan J., 284 AD2d 1, 6 [2001]; see Matter of Jasmine A., 284 AD2d at 453). The "act of eloping from [a] treatment facility, although violative of the Family Court's orders, [is] nevertheless an act consistent with PINS behavior, not with juvenile delinquency" (Matter of Jasmine A., 284 AD2d at 453). This is so "even when [the court is] faced with a situation where the PINS respondent persistently absconds from every nonsecure placement facility in which he or she has been placed" (Matter of Naquan J., 284 AD2d at 5).

Further, this Court has determined that the Family Court may not "bootstrap" a PINS adjudication onto one alleging juvenile delinquency by charging a PINS who absconds from a nonsecure facility with conduct that, if committed by an adult, would constitute escape (see Matter of Sylvia H., 78 AD2d 875

[1980]). In *Matter of Sylvia H.,* this Court cited both *Matter of Freeman* (103 Misc 2d 649 [1980]), and a New Jersey case, *State in Interest of M.S.* (73 NJ 238 [1977]) to support its holding. In *Matter of Freeman,* the Family Court, Onondaga County, was also faced with a PINS who ran away from placement and was charged with an act which, if committed by an adult, would constitute the crime of escape in the second degree. The court, inter alia, adopted the reasoning from the New Jersey decision, and refused to "bootstrap" the PINS at issue by adjudicating her a juvenile delinquent, based on an act which, while defined statutorily as a crime, was a common characteristic of PINS behavior and more harmful to the juvenile than to society.

Here, as in the cases above, the appellant's acts were consistent with PINS behavior, not with juvenile delinquency, and were more harmful to him than to society. Thus, by finding that he committed acts which, if committed by an adult, would have constituted the crimes of criminal mischief in the fourth degree and obstruction of governmental administration in the second degree, the Family Court improperly bootstrapped the PINS adjudication onto one for juvenile delinquency. Accordingly, the proceedings herein must be dismissed (*see Matter of Jasmine A.,* 284 AD2d at 453; *Matter of Sylvia H.,* 78 AD2d 875 [1980]).

The appellant's remaining contentions need not be reached in light of this determination. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.