In the Matter of GABRIELA A., a Person Alleged to be a Juvenile Delinquent, Appellant. [962 NYS2d 234]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Malone, J.), entered May 18, 2012, which, upon a fact-finding order of the same court entered April 3, 2012, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of resisting arrest and obstructing governmen-

tal administration in the second degree, adjudged her to be a juvenile delinquent and imposed a conditional discharge until April 13, 2013. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Westchester County, for further proceedings pursuant to Family Court Act § 375.1.

On February 28, 2012, the Family Court remanded the appellant, who was previously adjudicated a person in need of supervision (hereinafter PINS), to a nonsecure detention facility, but she absconded that same day. On March 10, 2012, several probation officers executed a warrant at the appellant's home. The appellant allegedly resisted the officers' attempts to return her to the detention facility.

Subsequently, the petitioner filed a juvenile delinquency petition against the appellant based on her conduct at the time of the execution of the warrant on March 10, 2012. The petition charged the appellant with, among other things, resisting arrest and obstructing governmental administration. The appellant was remanded to secure detention in connection with the juvenile delinquency petition. Following a fact-finding hearing, the appellant was found to have committed acts which, if committed by an adult, would have constituted the aforementioned crimes. The court issued an order of disposition entered May 18, 2012, adjudging the appellant to be a juvenile delinquent and imposing a conditional discharge until April 13, 2013.

"A PINS is one who is, inter alia, 'incorrigible, ungovernable or habitually disobedient and beyond the lawful control of a parent or other person legally responsible for such child's care' " (*Matter of Daniel I.*, 57 AD3d 666, 667 [2008], quoting Family Ct Act § 712 [a]).

Under the particular circumstances of this case, the appellant's conduct was consistent with PINS behavior, not with juvenile delinquency (*see Matter of Daniel I.*, 57 AD3d at 667; *Matter of Jasmine A.*, 284 AD2d 452, 453 [2001]; *Matter of Naquan J.*, 284 AD2d 1, 6 [2001]). "[T]he Family Court may not do indirectly what it is prohibited from doing directly—placing a PINS in a secure facility" (*Matter of Jasmine A.*, 284 AD2d at 453). Accordingly, we reverse the order of disposition, vacate the fact-finding order, dismiss the juvenile delinquency petition, and remit the matter to the Family Court, Westchester County, for further proceedings pursuant to Family Court Act § 375.1. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.