Devine, J.
Appeal from an order of the Family Court of Rensselaer County (E. Walsh, J.), entered March 30, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
In May 2011, petitioner filed a petition alleging that respondent (born in 1996) engaged in sexual acts with a young boy who was no older than eight at the time of the sexual encounter, and that such conduct, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree and sexual abuse in the first degree. During the course of the juvenile delinquency proceeding, respondent filed, among other things, a motion to dismiss the petition due to the alleged violation of his statutory right to a speedy fact-finding hearing (see Family Ct Act § 340.1 [2]). Family Court denied the motion and, following respondent’s admission to a reduced misdemeanor charge of sexual abuse in the second degree, adjudicated respondent a juvenile delinquent and imposed a conditional discharge for a period of one year. Respondent now appeals.
Initially, we find without merit petitioner’s assertion that this appeal has been rendered moot inasmuch as the one-year period of respondent’s conditional discharge expired on January 31, 2013. An appeal from a delinquency proceeding is not necessarily rendered moot by the expiration of the term of the conditional discharge, as the delinquency determination “nevertheless implicates possible collateral legal consequences” (Matter of Michael OO., 53 AD3d 709, 709-710 [2008]; see Matter of Eric CC., 298 AD2d 632, 633 n 1 [2002]).
Turning to respondent’s contention that his right to a speedy fact-finding hearing was violated, we disagree. At the parties’ initial appearance, Family Court granted respondent’s request for a 30-day adjournment to complete discovery and pursue settlement options with petitioner. At no time during the proceedings was respondent held in detention. The parties returned to Family Court less than a month later and respondent requested time to file the first of two motions to dismiss. After respondent’s motion to dismiss the petition on the ground that the charges were duplicitous was fully submitted, Family Court informed the attorneys that it had reviewed the motion papers and would be issuing an order denying respondent’s mo *995 tion, to which respondent’s attorney responded that he wanted additional time to review the order rather than proceed to trial or schedule further proceedings. Ultimately, respondent consented to the next court date that was set by Family Court, which appearance date exceeded the 60-day statutory time limit within which the fact-finding hearing was to be conducted (see Family Ct Act § 340.1 [2]). Subsequent delays of the proceeding were due to, among other things, a request by the parties for time to negotiate a plea to a lesser offense and a scheduling conflict of respondent’s parents. It was not until October 4, 2011 — more than 90 court days from the initial appearance— that respondent raised the speedy hearing issue or otherwise voiced an objection to delays in the proceedings (see Matter of Joseph CC., 234 AD2d 852, 853 [1996]). In fact, the record clearly demonstrates that the adjournments were due, in large part, to respondent’s demands for additional time.
Where, as here, requests are made by a respondent’s counsel to file motions “which would delay the fact-finding hearing beyond the statutory speedy trial period,” a waiver of such statutory right necessarily results (Matter of Willie E., 88 NY2d 205, 209 [1996]; see Matter of Bernard T., 92 NY2d 738, 742-743, 746 [1999]; Matter of Jesse QQ., 243 AD2d 788, 788 [1997], lv denied 91 NY2d 804 [1997]). In light of such waiver, respondent “cannot now be heard to complain” (Matter of Christopher Scott F., 264 AD2d 395, 395 [1999], lv dismissed 93 NY2d 1042 [1999]).
Peters, EJ., Rose, Egan Jr. and Lynch, JJ., concur.
Ordered that the order is affirmed, without costs.