■ In the Matter of DYLAN P., a Person Alleged to be a Juvenile Delinquent, Appellant. [995 NYS2d 220]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Dylan P. appeals from an order of disposition of the Family Court, Kings County (Olshansky, J.), dated January 6, 2014, which, upon a fact-finding order of the same court dated September 9, 2013, made upon his admission, finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, and after a dispositional hearing, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the order of disposition is modified, on the facts and in the exercise of discretion, by deleting the provision thereof adjudicating the appellant a juvenile delinquent and substituting therefor a provision adjudicating the appellant a person in need of supervision; as so modified, the order of disposition is affirmed, without costs or disbursements.

The appellant admitted to committing acts which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree. At the dispositional hearing, the appellant argued that he should be adjudicated a person in need of supervision (*see generally* Family Ct Act § 712 [a]) rather than a juvenile delinquent, and that he should receive a 12-month period of probation upon his adjudication as a person in need of supervision. He argued that this disposition would provide him with the necessary level of probation supervision and services without adding the stigma of a juvenile delinquency adjudication. The Family Court rejected the appellant's argument, adjudged him to be a juvenile delinquent, and imposed a 12-month period of probation. On appeal, the appellant argues that he should have been adjudicated a person in need of supervision rather than a juvenile delinquent, and that the disposition imposed was not the least restrictive available alternative.

"If, upon the conclusion of the dispositional hearing, the court determines that the respondent requires supervision, treatment or confinement, the court shall enter a finding that such respondent is a juvenile delinquent and order an appropriate dis-

position pursuant to [Family Court Act] section 352.2" (Family Ct Act § 352.1 [1]). "If, upon the conclusion of the dispositional hearing, the court determines that the respondent does not require supervision, treatment or confinement, the petition shall be dismissed" (Family Ct Act § 352.1 [2]).

Alternatively, however, "[a]t the conclusion of the dispositional hearing the court, upon motion of the respondent or its own motion, may in its discretion and with the consent of the respondent, substitute a finding that the respondent is a person in need of supervision for a finding that the respondent is a juvenile delinquent" (Family Ct Act § 311.4 [2]; *cf. Matter of Sheifa R.*, 57 AD3d 678 [2008]; *Matter of Michael OO.*, 53 AD3d 709, 710 [2008]).

This juvenile delinquency proceeding was commenced as a result of an argument between the appellant, then age 14, and his mother in their home. After the argument escalated, the appellant punched and damaged a television that belonged to his mother. The appellant has no prior delinquency finding, and he accepted responsibility for his actions. Further, the appellant's mother made great efforts to play an active and positive role in the appellant's home and school life. While the record shows that appellant had a history of curfew violations and several school absences, it further demonstrates that he was making significant improvements in these areas by the close of the dispositional hearing. The court could have required the Probation Department or another agency to monitor the appellant's school attendance and curfew without adding the stigma of a juvenile delinquent adjudication (*see Matter of Jeffrey C.*, 47 AD3d 433, 434 [2008]; *see also Matter of Ellery C.*, 32 NY2d 588, 590 [1973]; *Matter of Jeanette P.*, 34 AD2d 661, 661 [1970]).

Under the particular circumstances of this case, the appellant should have been adjudicated a person in need of supervision rather than a juvenile delinquent (*see Matter of Jeffrey C.*, 47 AD3d at 434; *cf. Matter of Jonathan M.*, 107 AD3d 805, 807 [2013]; *Matter of Sheifa R.*, 57 AD3d at 678; *Matter of Michael OO.*, 53 AD3d at 710; *Matter of Rosemary R.*, 29 AD3d 309 [2006]), and we exercise our discretion under Family Court Act § 311.4 (2) to modify the order of disposition accordingly.

The 12-month period of probation imposed by the Family Court is an appropriate means to ensure that the appellant continues to attend school regularly and comply with his curfew. Thus, the portion of the order of disposition imposing this period of probation, with certain enumerated terms and conditions, need not be disturbed (*see* Family Ct Act § 757; 22 NYCRR 205.66; *see also Matter of Michael OO.*, 37 AD3d 1002, 1003 [2007]). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.