■ In the Matter of KAYLA F., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY PRESENTMENT AGENCY, Respondent. [997 NYS2d 569]—

Appeal from an amended order of the Family Court, Monroe County (John B. Gallagher, Jr., J.), entered December 11, 2013 in a proceeding pursuant to Family Court Act article 3. The amended order adjudicated respondent to be a juvenile delinquent and placed her in the custody of the Commissioner of Health and Human Services of Monroe County for a period of 12 months.

It is hereby ordered that the amended order so appealed from is unanimously modified on the facts and the law by substituting for respondent's adjudication as a juvenile delinquent a finding that she is a person in need of supervision and as modified the amended order is affirmed without costs.

Memorandum: Respondent appeals from an amended order adjudicating her a juvenile delinquent based upon the finding that she committed an act that, if committed by an adult, would constitute the crime of assault in the third degree (Penal Law § 120.00 [2]). Respondent contends that Family Court abused its discretion in denying her motion pursuant to Family Court Act § 311.4 (2) to substitute a finding that she is a person in

need of supervision (PINS) for a finding that she is a juvenile delinquent, inasmuch as she demonstrated no danger to the community at large and could have received the same placement under a PINS disposition. We agree (see *Matter of Devon R.*, 278 AD2d 15, 15 [2000], *lv denied* 96 NY2d 707 [2001]). A PINS is "[a] person less than eighteen years of age who[,] [inter alia,] . . . is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of a parent or other person legally responsible for such child's care" (Family Court Act § 712 [a]; *see Matter of Gabriela A.*, 103 AD3d 888, 889 [2013], *affd* 23 NY3d 155 [2014]). Under the circumstances of this case, we conclude that respondent's conduct was consistent with PINS behavior, not with juvenile delinquency (*see Matter of Jeffrey C.*, 47 AD3d 433, 434 [2008], *lv denied* 10 NY3d 707 [2008]; *see also Matter of Daniel I.*, 57 AD3d 666, 668 [2008]). We therefore modify the amended order by substituting a finding that respondent is a person in need of supervision for the adjudication that she is a juvenile delinquent. We have reviewed respondent's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, Valentino, Whalen and DeJoseph, JJ.