# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1169**
**CAF 14-00547**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF KAYLA F.,
RESPONDENT-APPELLANT.

---------------------------------        MEMORANDUM AND ORDER

MONROE COUNTY PRESENTMENT AGENCY,
PETITIONER-RESPONDENT.

---

BRIAN STRAIT, ATTORNEY FOR THE CHILD, ROCHESTER, FOR
RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (BRETT GRANVILLE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an amended order of the Family Court, Monroe County
(John B. Gallagher, Jr., J.), entered December 11, 2013 in a
proceeding pursuant to Family Court Act article 3. The amended order
adjudicated respondent to be a juvenile delinquent and placed her in
the custody of the Commissioner of Health and Human Services of Monroe
County for a period of 12 months.

It is hereby ORDERED that the amended order so appealed from is
unanimously modified on the facts and the law by substituting for
respondent's adjudication as a juvenile delinquent a finding that she
is a person in need of supervision and as modified the amended order
is affirmed without costs.

Memorandum: Respondent appeals from an amended order
adjudicating her a juvenile delinquent based upon the finding that she
committed an act that, if committed by an adult, would constitute the
crime of assault in the third degree (Penal Law § 120.00 [2]).
Respondent contends that Family Court abused its discretion in denying
her motion pursuant to Family Court Act § 311.4 (2) to substitute a
finding that she is a person in need of supervision (PINS) for a
finding that she is a juvenile delinquent, inasmuch as she
demonstrated no danger to the community at large and could have
received the same placement under a PINS disposition. We agree (*see
Matter of Devon R.*, 278 AD2d 15, 15, *lv denied* 96 NY2d 707). A PINS
is "[a] person less than eighteen years of age who[, inter alia,] . .
. is incorrigible, ungovernable or habitually disobedient and beyond
the lawful control of a parent or other person legally responsible for
such child's care" (Family Court Act § 712 [a]; *see Matter of Gabriela
A.*, 103 AD3d 888, 889, *affd* 23 NY3d 155). Under the circumstances of
this case, we conclude that respondent's conduct was consistent with
PINS behavior, not with juvenile delinquency (*see Matter of Jeffrey
C.*, 47 AD3d 433, 434, *lv denied* 10 NY3d 707; *see also Matter of Daniel*

*I.*, 57 AD3d 666, 668). We therefore modify the amended order by substituting a finding that respondent is a person in need of supervision for the adjudication that she is a juvenile delinquent. We have reviewed respondent's remaining contentions and conclude that they are without merit.