Appeal from an amended order of the Family Court, Monroe County (John B. Gallagher, Jr., J.), entered December 11, 2013 in a proceeding pursuant to Family Court Act article 3. The amended order adjudicated respondent to be a juvenile delinquent and placed her in the custody of the Commissioner of Health and Human Services of Monroe County for a period of 12 months.
It is hereby ordered that the amended order so appealed from is unanimously modified on the facts and the law by substituting for respondent’s adjudication as a juvenile delinquent a finding that she is a person in need of supervision and as modified the amended order is affirmed without costs.
Memorandum: Respondent appeals from an amended order adjudicating her a juvenile delinquent based upon the finding that she committed an act that, if committed by an adult, would constitute the crime of assault in the third degree (Penal Law § 120.00 [2]). Respondent contends that Family Court abused its discretion in denying her motion pursuant to Family Court Act § 311.4 (2) to substitute a finding that she is a person in *1400 need of supervision (PINS) for a finding that she is a juvenile delinquent, inasmuch as she demonstrated no danger to the community at large and could have received the same placement under a PINS disposition. We agree (see Matter of Devon R., 278 AD2d 15, 15 [2000], lv denied 96 NY2d 707 [2001]). A PINS is “[a] person less than eighteen years of age who[,] [inter alia,] ... is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of a parent or other person legally responsible for such child’s care” (Family Court Act § 712 [a]; see Matter of Gabriela A., 103 AD3d 888, 889 [2013], affd 23 NY3d 155 [2014]). Under the circumstances of this case, we conclude that respondent’s conduct was consistent with PINS behavior, not with juvenile delinquency (see Matter of Jeffrey C., 47 AD3d 433, 434 [2008], lv denied 10 NY3d 707 [2008]; see also Matter of Daniel I., 57 AD3d 666, 668 [2008]). We therefore modify the amended order by substituting a finding that respondent is a person in need of supervision for the adjudication that she is a juvenile delinquent. We have reviewed respondent’s remaining contentions and conclude that they are without merit.
Present — Smith, J.P, Peradotto, Valentino, Whalen and DeJoseph, JJ.