*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    520522
_____

In the Matter of DANIEL TT.,
    Alleged to be a Juvenile
    Delinquent.

MEGHAN M. MANION, as                        MEMORANDUM AND ORDER
    Montgomery County Attorney,
                    Respondent;

DANIEL TT.,
                    Appellant.
_____

Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Rachel Rappazzo, Schenectady, for appellant.

        Meghan M. Manion, County Attorney, Amsterdam (William E.
Lorman of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the Family Court of Montgomery
County (Cortese, J.), entered October 22, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 3, to adjudicate respondent a juvenile delinquent.

        In a juvenile delinquency petition filed by petitioner in
March 2014, respondent (born in 2000) was charged with, among
other things, acts which, if committed by an adult, would
constitute the crime of assault in the third degree, stemming
from punching a middle school special education teacher in the
groin.  In July 2014, while the fact-finding hearing was

underway, respondent admitted to the allegations of the count of assault in the third degree in full satisfaction of the petition, and the matter was set for a dispositional hearing. Following the hearing, at which Family Court heard testimony from various witnesses, the court adjudged respondent a juvenile delinquent and ordered that he be placed in the custody of the Commissioner of Social Services of Montgomery County for a period of 12 months. Respondent now appeals.

Pursuant to Family Ct Act § 340.1 (2), if the respondent is not detained, as is the case here, "the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in [Family Ct Act § 340.1 (4)]" (see Matter of Randy K., 77 NY2d 398, 400 [1991]). Adjournments may be granted "on motion by the respondent for good cause shown for not more than thirty days" (Family Ct Act § 340.1 [4] [b]). The record reveals that the adjournments causing the fact-finding hearing to take place more than 60 — but less than 90 — days after the initial appearance were caused by respondent's consent or request. As such, respondent's claim of a statutory speedy trial violation is unpreserved and, further, any rights were affirmatively waived by respondent (see Matter of Dashawn R., 114 AD3d 686, 686 [2014], lv denied 23 NY3d 901 [2014]; Matter of Curnelle T., 17 AD3d 472, 472 [2005]; Matter of Joseph CC., 234 AD2d 852, 853-854 [1996]). Respondent's related contention that he was denied the effective assistance of counsel based on counsel's request and/or consent to such adjournments is without merit. A motion based on a speedy trial violation would have been unavailing given respondent's waiver, and the record does not establish that counsel lacked a legitimate strategy for delaying the fact-finding hearing (see Matter of Michael DD., 33 AD3d 1185, 1186 [2006]).

Respondent's contention that Family Court erred in not ordering a diagnostic assessment for him, based on the fact that he had an IQ of 74, is unpreserved (see Matter of George N.B., 57 AD3d 1456, 1456 [2008], lv denied 12 NY3d 706 [2009]; see generally Family Ct Act § 351.1 [2]). In any event, and considering the ample and diverse testimony before Family Court regarding respondent's history and his then-current situation, we find that the court did not abuse its discretion by not ordering

such an assessment.

Finally, Family Court's determination that placement with the Commissioner was the least restrictive option available was not an abuse of discretion. Pursuant to Family Ct Act § 352.2 (2) (a), "[i]n determining an appropriate [dispositional] order, [Family Court] . . . shall order the least restrictive available alternative enumerated in [Family Ct Act § 352.2 (1)] which is consistent with the needs and best interests of the respondent and the need for protection of the community." However, "a less restrictive option need not be utilized unsuccessfully before a more restrictive option may be imposed" (Matter of Morgan MM., 128 AD3d 1140, 1141 [2015] [internal quotation marks and citation omitted]; see Matter of Joshua LL., 132 AD3d 1201, 1202, [2015]). Considering the proof before Family Court that respondent's mother was unable or unwilling to offer him appropriate support regarding a variety of his needs, the proof regarding respondent's escalating and violent behavior and proof indicating that respondent had repeatedly failed to respond well in less-restrictive educational settings, Family Court did not abuse its discretion in placing respondent with the Commissioner for a period of 12 months (see Matter of Morgan MM., 128 AD3d at 1141; Matter of Trevor MM., 119 AD3d 1112, 1113 [2014]; Matter of Tianna W., 108 AD3d 948, 949 [2013]). Respondent's remaining contentions are without merit.

Egan Jr., Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court