■ In the Matter of ALLIYAH GG., Alleged to be a Juvenile Delinquent. BRYAN MAGGS, as Chemung County Attorney, Respondent; ALLIYAH GG., Appellant. [51 NYS3d 248]—

Mulvey, J. Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered May 18, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In a juvenile delinquency petition filed by petitioner in February 2015, respondent (born in 2000) was charged with acts which, if committed by an adult, would constitute the crime of petit larceny, stemming from the theft of a case of beer from a store. In April 2015, respondent admitted the allegations of the petition. At the dispositional hearing, Family Court adjudged respondent a juvenile delinquent and placed her in the custody of the Chemung County Department of Social Services. Respondent now appeals.

We reject respondent's main contention that Family Court abused its discretion in failing to substitute a finding that she is a person in need of supervision (hereinafter PINS) in place of the finding that she is a juvenile delinquent. Family Ct Act § 311.4 (2) provides that, "[a]t the conclusion of the dispositional

hearing[,] the court, upon motion of the respondent or its own motion, may[,] in its discretion and with the consent of the respondent, substitute a finding that the respondent is a [PINS] for a finding that the respondent is a juvenile delinquent." "The decision whether to substitute a PINS finding for a juvenile delinquency determination rests within the discretion of Family Court" (*Matter of Michael OO.*, 53 AD3d 709, 710 [2008] [citations omitted]).

Over the course of the three-month period between respondent's initial appearance and the dispositional hearing, Family Court had the benefit of monitoring respondent's ability to comply with different levels of supervision, beginning with her release to the custody of her grandmother on juvenile release under supervision, evening support programs and electronic monitoring. Her poor attendance resulted in two remands to detention. During the second placement in nonsecure detention, respondent engaged in violent and aggressive behavior toward staff and peers. She escaped from the facility and was apprehended by police. At that point, Family Court, acting on reports that respondent had been diagnosed with mental disorders, ordered placement at a psychiatric center for the purpose of a mental health evaluation. The evaluation confirmed diagnoses of posttraumatic stress disorder, attention deficit hyperactivity disorder and oppositional defiant disorder, and indicated marihuana abuse and inconsistent medication compliance. It also revealed that her former treating psychiatrist had concluded that she was a "huge risk to herself." The evaluation recommended placement in a residential treatment center.

All of this information was presented to Family Court at the dispositional hearing and provided ample support for the conclusion that respondent's behavior had escalated from what the court had noted to be more indicative of a PINS. We are, therefore, unpersuaded that its decision not to substitute a PINS finding constitutes an abuse of discretion (*see Matter of Daniel TT.*, 137 AD3d 1515, 1517 [2016]; *Matter of Michael OO.*, 53 AD3d at 710). We further agree that placement with the Chemung County Department of Social Services, with the direction that she be placed in a residential treatment center, was the least restrictive alternative and was consistent with both respondent's needs and best interests and the protection of the community (*see Matter of Morgan MM.*, 128 AD3d 1140, 1141 [2015]).

Finally, we find that respondent's challenge to her placement in a residential treatment facility has been rendered moot,

given that the placement has expired (*see Matter of Clarence D.*, 88 AD3d 1074, 1075 [2011]).

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.