Matter of Minayla T. (2021 NY Slip Op 05111)





Matter of Minayla T.


2021 NY Slip Op 05111


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. D-12555/19 Appeal No. 14223-14223A Case No. 2020-03034 

[*1]In the Matter of Minayla T., a Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency.


Larry S. Bachner, New York, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jessica Miller of counsel), for presentment agency.



Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about March 11, 2020, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed an act which, if committed by an adult, would constitute the crime of assault in the third degree, and placed her on Level 1 Probation for a period of 12 months, unanimously affirmed, without costs. Appeal from fact-finding order same court and Judge, entered on or about January 29, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The court's finding was supported by legally sufficient evidence. We find that there is no basis for disturbing the court's credibility determination that appellant intended to hit the victim with the chair. The record establishes that appellant threw a chair in the direction of the victim and it may be inferred "that a person intends that which is the natural and necessary and probable consequence[] of the act done by him" (People v Getch, 50 NY2d 456, 465 [1980] [internal quotation marks omitted]). Here, the natural consequence of throwing the chair was the physical injury to the victim, which the record also established (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]).
The court properly denied appellant's motion to dismiss on speedy trial grounds. Appellant effectively consented to the adjournment to a date beyond the period set forth in Family Ct Act § 340.1 (see Matter of Joseph CC., 234 AD2d 852, 853 [3d Dept 1996]; Matter of Walter P., 203 AD2d 213, 213 [1st Dept 1994], lv denied 84 NY2d 807 [1994]; see also Matter of Traekwon I., 152 AD3d 431, 432 [1st Dept 2017]). In any event, there was good cause for the adjournment (see Family Ct Act § 340.1[4]).
Appellant concedes that her challenges to the disposition are now academic.
We have considered appellant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021