Matter of Braden U. (Sullivan County Attorney) (2022 NY Slip Op 05913)

Matter of Braden U. (Sullivan County Attorney)

2022 NY Slip Op 05913

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

534396
[*1]In the Matter of Braden U., Alleged to be a Juvenile Delinquent. Sullivan County Attorney, Respondent; Braden U., Appellant. (And Three Other Related Proceedings.)

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Ivy M. Schildkraut, Rock Hill, for appellant.
Michael McGuire, County Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Family Court of Sullivan County (E. Danielle Jose-Decker, J.), entered November 3, 2021, which, among other things, granted petitioner's applications, in four proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Petitioner commenced a juvenile delinquency proceeding in January 2021 alleging that respondent (born in 2005) had committed acts that, if committed by an adult, would constitute specified crimes. Petitioner later commenced three additional proceedings alleging that respondent had committed acts during the pendency of the initial proceeding that, if committed by an adult, would constitute additional specified crimes. In satisfaction of two petitions, respondent admitted that he committed acts that, if committed by an adult, would constitute the crimes of criminal mischief in the third degree and criminal mischief in the fourth degree; the remaining two petitions were adjourned in contemplation of dismissal. Following a dispositional hearing, Family Court directed that respondent be placed in the care and custody of the Office of Children and Family Services, in a secure facility, for a period of up to 18 months, together with a lesser concurrent placement, and orders of restitution. Respondent appeals.
Respondent's sole contention on appeal is that Family Court abused its discretion in placing him in a secure facility. Pursuant to Family Ct Act § 352.2 (2) (a), where, as here, the respondent has not committed a designated felony act, Family Court "shall order the least restrictive available alternative . . . [that] is consistent with the needs and best interests of the respondent and the need for protection of the community" (see generally Family Ct Act § 352.2 [1]). However, "a less restrictive option need not be utilized unsuccessfully before a more restrictive option may be imposed" (Matter of Tianna W., 108 AD3d 948, 949 [3d Dept 2013]; accord Matter of Daniel TT., 137 AD3d 1515, 1517 [3d Dept 2016]).
During the pendency of the underlying proceedings, respondent repeatedly failed to appear before Family Court, leading Family Court to issue a warrant for his appearance and temporarily place him in a nonsecure facility. Family Court received evidence that respondent physically attacked other residents and staff at the nonsecure facility and destroyed property there. This evidence, in addition to the allegations in the petitions, a Probation Department report and respondent's statements during the dispositional hearing, provided an ample basis for Family Court's determination that placement in a secure facility was the least restrictive alternative consistent with the best interests of respondent and the need for protection of the community. Accordingly, we find no abuse of discretion in Family Court's order.
Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.